[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties married on July 5, 1965, at West Haven, Connecticut.
At least one party has resided in Connecticut for twelve months preceding this judgment. CT Page 2605
There are no minor children issue of the marriage.
The evidence presented at trial has established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has considered the criteria set forth in 46b-56,46b-81 and 46b-82 of the Connecticut General Statutes in its determination of the orders which follow.
The plaintiff-husband is 52 years old. He has a high school education and is presently employed by Sikorsky Aircraft as a tool bin attendant grossing $411.20 and netting $318.24 weekly. When overtime is added, the plaintiff grosses over $500.00 per week. He was previously employed by Schick Corporation for over 10 years. At the time he was fired from that job, he was grossing considerably more than his current employment.
The plaintiff enjoys excellent health. At age 47, he took body building and in 1992 was voted "Mr. United States" and "Mr. America" in his age class. He devotes two to three hours per day to his training in a gym.
The plaintiff admitted to "two or three" affairs during the marriage but feels they did not contribute to the breakdown of the marriage or to the three bouts of depression which the defendant claims she has experienced during the marriage.
The defendant is 55 years old. She attended high school for four years and briefly studied to be a travel agent. She has had periodic employment since the marriage as a bank teller, a convenience store clerk and at a bagel shop. She has also assisted a friend in the catering business. She has not had regular employment lasting more than six months since 1965.
The defendant testified that she had three bouts of depression since the marriage and is currently treating and taking medication for it. She attributes the breakdown of the marriage and, to some degree, her depression, to the plaintiff's infidelities and his complete disinterest in her.
During the marriage the plaintiff received a pension award of approximately $35,000.00 from Armstrong. He withdrew and spent most, if not all, of those funds for a new car and for the downpayment on a new car for his son. He also made gifts of at CT Page 2606 least $10,000.00 to the parties' adult son and daughter. All of the expenditures were made without the knowledge or consent of the defendant.
It is apparent from the evidence that the plaintiff did little, if anything, to sustain the marriage and, by the pursuit of his own interests and pleasures, contributed substantially more than the defendant to its breakdown.
In determining the following orders, the court has also taken into consideration the "two or three" affairs by the plaintiff, the reduction of his earnings as a result of his being fired for cause, and his depletion of the only appreciable cash asset of the marriage.
The court also has considered the evidence concerning the demeanor and conduct of the defendant which, although not inexplicable, gave the plaintiff little reason to attempt reconciliation.
The court finds the fair market value of the marital residence to be $200,000.00.
The following orders may enter:
I. Property Division
A. Real Property
The court awards the marital residence, 242 Pine Tree Drive, Orange, Connecticut, to the defendant. The plaintiff is to convey his right, title and interest to the defendant forthwith. The defendant is to pay to the plaintiff the sum of $65,000.00 within two years from the date of this judgment. That obligation is to be secured by a mortgage note and deed from the defendant to the plaintiff with no interest to accrue on said debt.
The Buena Vista, Florida, condominium time-share is to be sold immediately and the net proceeds from said sale are to be divided equally between the parties.
Until both of said real properties are sold, the plaintiff shall be responsible for the taxes, mortgages and insurance on each of the the two properties. CT Page 2607
B. Other Property
1. The following assets are awarded to the plaintiff:
(a) All of the automobiles listed on his financial affidavit dated December 9, 1992;
(b) All banks accounts listed on his financial affidavit;
(c) The jewelry listed on said financial affidavit;
(d) The interest in and to his Schick Pension plan, except, however, the plaintiff is ordered to convey to the defendant an interest in and to said Pension Plan in an amount equal to twenty-five (25%) of its present value by the execution of a Qualified Domestic Relations Order. The defendant is to be responsible for the preparation and submission of the quadro.
(e) Various personal assets as more specifically referred to in 2(a), below.
II. The following assets are awarded to the defendant:
(a) The 1986 Dodge Daytona automobile;
(b) The contents and furnishings of the marital residence with the exception of the plaintiff's sports equipment and his personal effects including awards, trophies and prizes, etc.
The court retains jurisdiction to decide any contests concerning assets subject to this order;
(c) A 25% present interest in and to the plaintiff's Schick Pension Plan as per 1(d) above;
C. Debts of the Parties
Each of the parties shall be solely responsible for the financial liabilities listed on their respective financial affidavits.
III. Alimony
The court orders the plaintiff to pay to the defendant CT Page 2608 periodic alimony in the amount of $1.00 per year until the first of the following occurs: her cohabitation as set forth in46b-86(b), C.G.S.; her remarriage; or the death of either party.
IV. Medical Benefits
The plaintiff is to make available to the defendant medical benefits as available to him through his employment pursuant to COBRA provisions. The defendant is to be responsible for the costs of such insurance coverage.
V. Life Insurance
The plaintiff is to maintain insurance on his life in the amount of $5,000.00 for the benefit of the defendant until his obligation to pay the expenses related to the real properties terminates.
VI. Counsel Fees
Each party is to be responsible for his and her respective counsel fees.
Judgment having entered, the marriage of the parties is dissolved and they are declared to be single and unmarried.
By the Court,
Joseph W. Doherty, Judge